```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
TRAVIS J. TRIPP,                    )
         Plaintiff,                 )
                                    )
    v.                              )    C.A. 11-325-S
                                    )
ROBERT DeCARLO, et al.,             )
         Defendants.                )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Travis J. Tripp, an inmate at the Adult Correctional Institutions in Cranston, Rhode Island has filed a pro se complaint with this Court, alleging that the Defendants Providence Police officers used excessive force in the course of arresting him, in violation of his constitutional rights. Presently before the Court is Plaintiff's motion for appointment of counsel to represent him in the instant civil action. (See ECF No. 3.)

In the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Plaintiff must demonstrate that he is indigent and that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due

process rights." Id. at 23. In determining whether exceptional circumstances exist, the Court must examine the total situation, considering, inter alia, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id. at 24.

Here, Plaintiff's Complaint and the accompanying papers that he has filed do not suggest exceptional circumstances. The issues presented in the Complaint are not so complex that Plaintiff is unable to represent himself. Moreover, Plaintiff's filings demonstrate that he is able to present the facts and the issues himself. See Ruffin v. Brann, No. CV-09-87-B-W, 2010 WL 500827, at *1 (D. Me. Feb. 8, 2010) (denying appointment of counsel in civil rights case where exceptional circumstances did not exist) (citing DesRosiers, 949 F.2d at 23).

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
United States District Judge
Date: December 12, 2011