```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
TRAVIS J. TRIPP,                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. 11-325-S
                                   )
ROBERT DeCARLO, JAMES ANNIS,       )
ROBERT MELARAGNO,                  )
PROVIDENCE POLICE STATION,         )
        Defendants.                )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before this Court is a Complaint (ECF No. 1) filed by Plaintiff Travis J. Tripp, pro se, an inmate at the Adult Correctional Institutions ("ACI"), Cranston, Rhode Island, seeking declaratory relief and damages. This Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and finds that it states a claim for which relief may be granted against some, but not all, Defendants for the reasons discussed below.[1]

---

[1] Plaintiff has also filed an application to proceed in forma pauperis, (ECF No. 2) ("IFP application"), and a motion for appointment of counsel, (ECF No. 3), which are addressed in separate Orders issued on this date.

In his Complaint, Plaintiff claims that the Defendants Robert DeCarlo, James Annis, and Robert Melaragno -- all Providence Police officers -- used excessive force in the course of arresting him in July 2008, in violation of his constitutional rights.[2] (Compl., Sec. IV. Statement of Claim at 3, 5.) He alleges that, as a result, he suffered injuries, including a gash in his head (requiring three stitches), a broken nose, two chipped teeth, bruises and other injuries. (Id. at IV. Statement of Claim.) Plaintiff seeks damages against all Defendants.

On its face, the Complaint appears to state a claim for the violation of Plaintiff's constitutional rights in the course of his arrest, as to the three individual Defendants, subject to any defenses they may have. The Clerk is directed to forward summonses to the Plaintiff for completion and return.

However, the Providence Police Station is clearly an improper defendant, as it refers to the physical building housing the Providence Police Department, and there is no independent legal entity by that name. Cf. LaCedra v. Donald W. Wyatt Detention Facility, 334 F. Supp. 2d 114, 140-42 (D.R.I. 2004) (holding that Wyatt Detention Center is not a legal entity

---

[2] Plaintiff does not say what he was arrested for or whether he was charged and convicted, and there is no record of any criminal prosecution against him in this Court.

subject to suit); Sarro v. Cornell Corrs., Inc., 248 F. Supp. 2d 52, 58 (D.R.I. 2003) (same).  Thus, the instant Complaint must be dismissed as to Defendant Providence Police Station.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:   December 12, 2011