UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TRAVIS J. TRIPP, <br>     Plaintiff, <br><br> v. <br><br> ROBERT DECARLO, et al., <br>     Defendants. | C.A. No. 11-325 S |

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendants' Motion to Dismiss ("Defs.' Mot."), (ECF No. 9), Plaintiff Travis J. Tripp's Complaint ("Compl."), (ECF No. 1). Plaintiff has filed an objection ("Obj."), (ECF No. 10), to the motion. No hearing is necessary.

I.   BACKGROUND[1] AND TRAVEL

On July 20, 2008, Plaintiff was arrested by Providence police officers Robert DeCarlo, James Annis, and Robert Melaragno (collectively Defendants).[2] He alleges that Defendants used excessive force in the course of arresting him in violation of his constitutional rights.[3]

Among other things, Plaintiff alleges that Officer DeCarlo did not identify himself as a law enforcement officer when exiting an unmarked police vehicle; chased Plaintiff, gun in hand,

---

[1] The facts are taken from the Complaint, this Court's Order of December 12, 2011 ("Order"), (ECF No. 6), and the Court's docket.

[2] The Providence Police Station was originally listed as a defendant but has since been dismissed from the case. (Order 2-3.)

[3] Plaintiff does not say what he was arrested for or whether he was charged and convicted, and there is no record of any criminal prosecution against him in this Court. (Order 2 n.2.) However, he states that he has been at the Adult Correctional Institutions (ACI) since July 20, 2008. (Obj. ¶ 1.)

while yelling that Plaintiff was going to die; handcuffed Plaintiff from behind while Plaintiff was lying on his stomach on the ground; and hit Plaintiff with his gun or one of the rocks lying nearby on the ground, causing Plaintiff's head to start bleeding immediately.  He also alleges that Officer Melaragno tried to strike him with the unmarked police vehicle as he was running on the sidewalk and that Officers Melaragno and Annis "participated in the assault," along with Officer DeCarlo. (Compl. 3, 5.)

Plaintiff claims he was taken by ambulance to Rhode Island Hospital, where he received three staples in the back of his head where Officer DeCarlo allegedly struck him.  (Id. at 5.) According to Plaintiff, he also had a fractured nose, chipped teeth, bruises on his body, and swollen limbs.  (Id.)

Plaintiff filed the instant civil rights Complaint, which was docketed by the Court on July 28, 2011, pursuant to 42 U.S.C. § 1983.  (Compl., Civil Cover Sheet 2; Docket.)  He alleges that Defendants violated his Fourth and Fourteenth Amendment rights, (Compl., Civil Cover Sheet 2), and seeks monetary damages against Defendants, (Compl. 4).  Defendants' Motion to Dismiss was filed on January 24, 2012, followed by Plaintiff's Objection on February 3, 2012. (Docket.)

II.     LAW

    A.     Rule 12(b)(6) Standard

In order to survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, see Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009), and

review pleadings of a pro se plaintiff liberally, see Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972))). However, the Court need not credit bald assertions or unverifiable conclusions. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Matters outside the pleadings may be presented to and considered by the Court in ruling upon a Rule 12 motion to dismiss. See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) ("documents the authenticity of which are not disputed by the parties," "official public records," "documents central to plaintiffs' claim," or "documents sufficiently referred to in the complaint" may be considered in connection with a motion to dismiss without converting such motion into a summary judgment motion).

B.   Section 1983

Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Since 42 U.S.C. § 1983 does not contain a statute of limitations, federal courts are 'required to apply the state statute of limitations which governs the forum state's most analogous cause of action.'" Paul v. City of Woonsocket, 745 A.2d 169, 171 (R.I. 2000) (quoting Tang v. R.I. Dep't of Elderly Affairs, 904 F. Supp. 55, 60-61 (D.R.I. 1995)). The United States Supreme Court has held that § 1983 claims are best characterized as personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985). Therefore, the applicable state

statute of limitations for personal injury actions determines the statute of limitations for filing a § 1983 action.  See id. at 279-80; see also Casanova v. Dubois, 304 F.3d 75, 78 n.4 (1st Cir. 2002) (noting that state's statute of limitations for personal injury actions governed § 1983 complaint); Lacedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114, 127 n.7 (D.R.I. 2004) (same). In Rhode Island, that statute of limitations is three years.  See Lacedra, 334 F. Supp. 2d at 127 n.7; Paul, 745 A.2d at 172 (reiterating that personal injury cases must be filed within the time limit set forth in § 9-1-14(b)); R.I. Gen. Laws § 9-1-14(b) ("Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after.").

### III.  DISCUSSION

Defendants argue that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) as time-barred by the statute of limitations. (Defs.' Mot. 1.)  Defendants note that the date of Plaintiff's arrest was July 20, 2008, and that the Complaint was docketed on July 28, 2011. (Defs.' Mem. 1 (citing Docket).)  Defendants further state that "[i]t is well settled that the statute of limitations for a § 1983 claim is three years." Id.; see also Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir. 2002) ("When a limitations period is measured in years, the last day for instituting the action is traditionally the anniversary date of the start of the limitations period.").  Thus, on its face, the Complaint is untimely.  Cf. White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973). Plaintiff does not dispute the untimeliness of the Complaint. (Obj. 3-4.)

Plaintiff counters that he had no control over the delay in filing the Complaint but, rather, that the delay was the result of the ACI's rules, regulations, and policy. (Id.)  In short, Plaintiff contends that the physical constraints placed on incarcerated persons, as well as the day to day operations and living conditions at the ACI, impeded him from filing a civil action against Defendants sooner. (Id. at 1-2.)

Specifically, Plaintiff states that he has been incarcerated at the ACI since July 20, 2008, the date of his arrest. (Id. at 1.) He further states that when he asked prison officials for advice regarding his situation, he was given a list of personal injury lawyers. (Compl. 2.) According to Plaintiff, while at the Intake Service Center he sought legal advice and assistance, but he was not allowed to use the prison library and was not provided with assistance from someone trained in the law. (Obj. 2.) Upon his transfer to the High Security Center on or about May 4, 2011, he was denied use of the law library, legal assistance, and necessary forms due to the High Security Center's policy of requiring new arrivals to wait sixty days before being able to use the law cart. (Id. at 2-3.) Plaintiff states that his sixty-day waiting period ended on or about July 3, 2011, and that on or around July 12th, he received from the law cart the forms necessary to file a § 1983 lawsuit. (Id. at 3.) He requested a money ledger from ACI counselor Tony Amaral the following day and received it on or around July 17, 2011. (Id.) On or around July 21, 2011, Lieutenant Macomber signed the certificate part of the § 1983 form,[4] which was the last part completed. (Id.)

Incarceration is not considered a "disability" which would toll the statutory limitations period. See R.I. Gen. Laws § 9-1-19;[5] see also Lacedra, 334 F. Supp. 2d at 127 n.7 (three year limitations period for § 1983 action was not tolled while plaintiff was incarcerated). The Court

---

[4] Presumably, here Plaintiff is referring to the required certified copy of his inmate account statement required to file an Application to Proceed without Prepayment of Fees and Affidavit (IFP Application), which Plaintiff did file (ECF No. 2). In fact, Lieutenant Macomber signed the IFP Application on June 24, 2011. (IFP Application 2.)

[5] Section 9-1-19 provides that:

If any person at the time any such cause of action shall accrue to him or her shall be under the age of eighteen (18) years, or of unsound mind, or beyond the limits of the United States, the person may bring the cause of action, within the time limited under this chapter, after the impediment is removed.

R.I. Gen. Laws § 9-1-19.

- 5 -

therefore rejects Plaintiff's implicit argument that the "physical constraints placed on the detainees who are incarcerated," (Obj. 1), and the day to day operations and living conditions at the ACI, (id.), should toll the limitations period.

Moreover, the "mailbox rule" does not save the Plaintiff's Complaint. In Houston v. Lack, 487 U.S. 266 (1988), the U.S. Supreme Court addressed the question of whether a notice of appeal was considered filed at the moment of delivery to prison officials for forwarding or at some later point in time. Id. at 268. The Court held that the petitioner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." Id. at 276; see also Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999) (holding that "a pro se prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail"); Chandler v. United States, CR No. 06-107-01-M, 2011 WL 6097378, at *4 n.7 (D.R.I. Dec. 6, 2011) (quoting Morales-Rivera). Noting that the First Circuit had applied the mailbox rule in other contexts, the Casanova court extended the rule to § 1983 actions. Casanova, 304 F.3d at 79 ("So long as the prisoner complies with the prison's procedures for sending legal mail, the filing date for purposes of assessing compliance with the statute of limitations will be the date on which the prisoner commits the mail to the custody of prison authorities."); see also Morales-Rivera, 184 F.3d at 109.

Plaintiff did not date the Complaint nor certify when it was given to prison officials for mailing, cf. Herbert v. Dickhaut, 724 F. Supp. 2d 132, 136 (D. Mass. 2010) (noting that multiple courts within the First Circuit have found the date a motion was signed and dated sufficient to satisfy the mailbox rule), nor did he provide a date in his Objection. However, he did date the IFP Application and accompanying In Forma Pauperis Affidavit as well as a Motion for

Appointment of Counsel. (ECF No. 3.) These documents are dated July 24, 2011, (IFP Application 2; In Forma Pauperis Aff. 2-3; Mot. for Appointment of Counsel 1), and were docketed by the Court on the same day the Complaint was docketed, July 28, 2011, (Docket). Presumably the Complaint should also have been dated July 24, 2011, and it is a reasonable inference that all of these documents were given to prison officials for forwarding or placed in the ACI's system for outgoing legal mail on the same date. Cf. Herbert, 724 F. Supp. 2d at 137 (noting that date of application to proceed in forma pauperis has been used to establish date on which prisoner filed his petition); see also Lattimore, 311 F.3d at 54 n.5 (noting that because petition was dated April 25, 1997, "[i]t is a fair inference that the petition was placed in the mail on April 25, 1997"). However, by that date the statute of limitations had already expired. Thus, even giving Plaintiff the benefit of the mailbox rule, the Complaint is still untimely.

IV.   CONCLUSION

Because Plaintiff filed his Complaint after the three-year statute of limitations had run, his Complaint is time-barred. Accordingly, Defendants' Motion to Dismiss is hereby GRANTED and the Complaint is DISMISSED.

SO ORDERED:

*/s/ William E. Smith*
William E. smith
United States District Judge
Date:  March 6, 2013